UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAMIL M. PATEL,<br><br>  Plaintiff,<br><br>v.<br><br>FRANKLIN COLLECTION<br>SERVICE, INC.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:20-cv-03195<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes HAMIL M. PATEL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FRANKLIN COLLECTION SERVICE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in DuPage County, which lies within the Northern District of Illinois.

5. Defendant is a third party debt collector priding itself on obtaining "results far above the national average."[1] Defendant is a corporation organized under the laws of the state of Mississippi with its principal place of business located in Tupelo, Mississippi. Defendant regularly collects upon consumers located in the State of Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding AT&T debt ("subject debt") said to be owed by Plaintiff.

9. Plaintiff's AT&T account was used for his personal and household use; therefore the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Upon information and belief, the subject debt was placed with Defendant after Plaintiff's purported default thereon.

11. Plaintiff never heard anything regarding the subject debt until about May 8, 2020, when Plaintiff was informed that Defendant had contacted his friend.

---

[1] https://franklinservice.com/about/

12. Plaintiff was surprised and upset by this, as he supplied AT&T with his personal cellular phone number, (630) XXX-3839; but yet, Defendant chose to reach out to Plaintiff's acquaintances before attempting to contact him directly.

13. As a result, Plaintiff immediately contacted Defendant who did not answer his phone call.

14. A few days later, Plaintiff received a call from one of Defendant's representatives, who informed him that Defendant was attempting to collect upon the subject debt in an amount over $600.

15. Plaintiff was taken aback by this amount, as this amount was far greater than any balance that was ever owed to AT&T.

16. Accordingly, Plaintiff requested additional information and inquired as to why Defendant was contacting third parties before reaching out to him directly.

17. Rather than addressing Plaintiff's concerns, Defendant's representative abruptly ended the phone call, stating that Defendant would call him back. This left Plaintiff in a great state of confusion.

18. In defiance of its promise, Defendant failed to promptly return Plaintiff's call or address Plaintiff's concerns, so on or about May 13, 2020, Plaintiff reached out to Defendant and spoke with a representative named "Grace."

19. During this call, Grace informed Plaintiff that the balance on the underlying subject debt was $330.78, an amount far less than what Plaintiff was told during his initial conversation with Defendant.

20. Moreover, Plaintiff inquired as to why he never received any correspondence regarding the subject debt, as he wanted proof of the same.

21. Much to Plaintiff's surprise, Grace notified him that Defendant mailed a dunning notice to an address in Charlotte, North Carolina.

22. Plaintiff has never resided in North Carolina, and in fact, has permanently resided in Illinois for over 15 years. Plaintiff even supplied AT&T with his permanent address in Illinois.

23. In addition, Grace combatively alerted Plaintiff that Defendant was reporting the subject debt on his credit report, as it had his social security number.

24. Plaintiff became even more confused by this, as Defendant blatantly sent a dunning letter to the wrong address, began credit reporting a month after, and failed to reach out to Plaintiff a single time, despite having Plaintiff's phone number and correct address.

25. Consequently, Plaintiff informed Grace of his permanent address, the same address given to AT&T, and Grace assured Plaintiff that Defendant would send him a letter at that address.

26. Despite Defendant's assurance, Plaintiff has yet to receive any correspondence from Defendant.

27. Confused and misled by Defendant's actions, Plaintiff spoke with Sulaiman regarding his rights.

28. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

29. Plaintiff has further suffered a violation of his state and federally protected substantive interests to be free from false and deceptive debt collection conduct as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

32. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

33. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of ACA International, an association of credit and collection professionals, since 1982.[2]

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e, e(2)(A), and e(10) through the conflicting information given to Plaintiff. Plaintiff was informed that he owed two drastically different amounts regarding the same subject debt. In addition, Defendant falsely assured Plaintiff that it would call him back to address his concerns, and also falsely stated that it would mail Plaintiff a letter at his actual permanent address. Yet, Defendant defied its own promises and has failed to send Plaintiff any correspondence whatsoever.

---

[2] http://www.acainternational.org/search#memberdirectory

38. Defendant further violated § 1692e and e(10) through its sending of a dunning notice to a knowingly false address. Plaintiff never resided in North Carolina, and even provided AT&T, the original creditor, with his permanent address in Illinois. Rather than sending Plaintiff notice of the debt at his known address, Defendant deceptively sent correspondence to an unknown third party's address, and began reporting the subject debt on Plaintiff's credit report shortly thereafter.

39. Defendant's false, misleading, and deceptive behavior had the material effect of confusing Plaintiff as to his rights. Moreover, by reaching out to third parties instead of contacting Plaintiff directly, and by then reporting the subject debt on Plaintiff's credit file, Defendant attempted to place outward pressure upon Plaintiff with the hopes of extracting payment.

 **b. Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f through its unfair treatment of Plaintiff. For instance, Plaintiff provided AT&T with all of his personal information, including his cellular phone number and permanent address. Defendant was privy to this information upon acquiring the subject debt, but rather than sending Plaintiff a letter at that given address, or placing a phone call directly to Plaintiff's cellular phone, Defendant unfairly chose to send a letter to a knowingly false address, and also reached out to third parties before calling Plaintiff, in an effort to harass Plaintiff into submission.

 **c. Violations of FDCPA § 1692g**

42. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1)

the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

43. Defendant violated § 1692g(a)(4) by failing to provide Plaintiff a validation statement within five days after the initial communication. Plaintiff first spoke with Defendant on May 11, 2020, and also provided Defendant with his permanent address on May 13, 2020. Yet, to date, Plaintiff has yet to receive any correspondence from Defendant regarding the subject debt. Defendant's failure to send this notice within the requisite timeframe provided for under § 1692g is in clear violation of the FDCPA.

44. As pled in paragraphs 27 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff HAMIL M. PATEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 29, 2020

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com